UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CRIMINAL CASE NO. 16-1-DLB-CJS

UNITED STATES OF AMERICA                                              PLAINTIFF

v.                       **REPORT AND RECOMMENDATION**

ANNA CRYSTAL PALOMA                                                  DEFENDANT

\* \* \* \* \* \* \* \* \* \*

On May 10, 2016, this matter came before the Court for a Final Revocation Hearing on the United States Probation Office's Report that Defendant Anna Crystal Paloma had violated conditions of her supervised release. Defendant was present in Court and represented by David Fessler, and the Government was represented by Assistant United States Attorney (AUSA) Laura Voorhees. The proceeding was electronically recorded and is contained in the Court's audio file at KYED-COV__2-16-CR-1-DLB-CJS_20160510_131145; the official record of this proceeding was certified by Kati Bramble, Deputy Clerk.

Upon call of this matter at the Final Revocation Hearing on Supervised Release Violations, counsel informed the Court that the parties had reached an agreement on the pending violations. Specifically, Defendant agreed to plead guilty to the violations as set forth in the April 11, 2016, Violation Report (R. 7) and, in exchange, the parties would recommend that her conditions of supervision be modified to include a 3-month period of home detention to begin on June 6, 2016,

and a requirement that she obtain her General Education Diploma (GED) while maintaining employment.

For the reasons that follow, the parties' agreement is an appropriate disposition of this matter, and therefore it will be **recommended** that Defendant's **supervised release be modified** to include, in addition to the standard and special conditions already imposed, a 3-month period of home detention as set forth more fully below. In addition, it will be **further recommended** that the current standard condition of supervision requiring Defendant to maintain employment, unless excused by the Probation Officer for schooling, be modified to require Defendant to obtain her GED while maintaining her employment.

**I.     Background**

On September 25, 2015, Defendant appeared in the United States District Court for the Southern District of Texas and pleaded guilty to one count of conspiracy to transport an alien within the United States. (R. 1-2). On that same date, the presiding District Judge sentenced her to time served of 53 days, followed by a 3-year term of supervised release. (*Id.*). Defendant's supervised release included a special condition that she serve a 4-month period of home incarceration.

Because Defendant resides in Kentucky, her case was transferred to the Eastern District of Kentucky, Northern Division at Covington, for supervision. (R. 1). On October 2, 2015, Defendant met with U.S. Probation Officer Leanne Vonderhaar, who reviewed with Defendant the conditions of her release. (R. 7). On October 8, 2015, Defendant began her 4-month term of home detention. On February 5, 2016, Defendant completed her term of home detention.

On April 15, 2016, Probation Officer Vonderhaar submitted a Petition for Summons for Offender Under Supervision, notifying the presiding District Judge that Defendant had allegedly not

complied with conditions of her supervision. (R. 2). The Probation Officer requested a summons be issued ordering Defendant to appear before the Court on the alleged violations. (*Id*.).

On April 21, 2016, Defendant appeared before the undersigned for Initial Appearance on Supervised Release Violations. (R. 5). At that time, the undersigned explained to Defendant the statutory maximum terms of incarceration and supervised release as well as the applicable Sentencing Guidelinea range.[1]  The undersigned also explained that while a recommendation of an appropriate sentence will be made to the presiding District Judge, it is ultimately the decision of the presiding District Judge as to the final sentence to be imposed. At the Final Revocation Hearing, the undersigned stated she intended to make the agreed recommendation for modification of Defendant's supervised release to the presiding District Judge, but again explained that it is the presiding District Judge who ultimately makes the final decision on the appropriate disposition. Defendant acknowledged her understanding and stated it was her desire to plead guilty to the violations set forth in the April 11, 2016, Violation Report of the United States Probation Officer. Specifically, Defendant admitted to the following violations of supervised release and the factual circumstances set forth below:

> **Violation No. 1**   **The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.**

---

[1] Here, because Defendant's underlying criminal offense was a Class D felony, the maximum term of incarceration upon revocation of her supervised release is 24 months. 18 U.S.C. § 3583(e). United States Sentencing Guideline § 7B1.1 suggests a revocation range of imprisonment of 3 to 9 months, based upon Defendant's criminal history category of I and the violations as admitted by her being Grade C violations. Defendant may also be placed back on supervised release following any term of imprisonment imposed upon revocation. Under the statute, the maximum term of further supervised release that could be imposed is 36 months minus any term of imprisonment imposed. *See* 18 U.S.C. § 3583(h).

Defendant admitted she was not truthful with the Probation Officer regarding her reported pregnancy and miscarriage.

> **Violation No. 2** **The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons**.

Defendant failed to obtain employment and failed to continue attendance at GED classes in lieu of employment.[2]

Therefore, based on Defendant's plea of guilty to these violations, the undersigned finds and will recommend that the District Judge find that Defendant has violated conditions of her supervised release as charged. Defendant having admitted to violating her supervised release, the question of sentencing is presented.

## II. Sentencing

The Court is mindful of the need to impose a sentence that is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a). *See id.* § 3583(e). As previously discussed, Defendant, her counsel, and the AUSA reached an agreement of an appropriate punishment for Defendant's violations–that the terms of Defendant's supervised release be modified to include a 3-month period of home detention starting June 7, 2016, and Defendant be required to obtain a GED while maintaining employment.[3] The Probation Officer confirmed she is also in agreement with the parties' agreed resolution. Defendant did not waive her right to appeal, and the

---

[2] Defendant reports she is now employed full-time at Larosa's pizzeria.

[3] The AUSA explained, however, that while the Government is agreeable to the resolution of the pending charges, it wants to be clear that any other violations will result in the Government seeking revocation and a sentence at the high-end of the Sentencing Guideline range.

Court informed her of her appellate rights. Defendant has executed a waiver of her right to allocute before the District Court.

After considering the violations, the circumstances surrounding these violations, and the positions of the parties, it will be recommended that Defendant's supervised release not be revoked, but that the conditions of her supervised release be modified as set forth below. The Court emphasizes that Defendant is being given a substantial break, and there should be no misunderstanding going forward of the importance of her fully complying with all conditions of her supervised release and the need to be truthful with her Probation Officer. Defendant is on notice that further violations, particularly those involving her not being forthright with her Probation Officer, will be a great disappointment and will not be looked upon favorably.

The undersigned is satisfied from dialogue with the Defendant that she understands the nature of the charges currently pending, has had ample opportunity to consult with counsel, and enters her admissions knowingly and voluntarily.

**III.   Conclusion**

Accordingly, **IT IS RECOMMENDED** that

1.   Defendant **ANNA CRYSTAL PALOMA** be found to have **violated** the terms of her supervised release as set out in Violation Nos. 1 and 2 above; and,

2.   Defendant be required to serve the remaining term of her supervised release subject to the standard and special conditions originally imposed by the United States District Court for the Southern District of Texas on September 25, 2015 (R. 1-2), with the following additional **modifications:**

     a.     Defendant to serve **3-months** of **home detention** beginning June 6, 2016. While on home detention, Defendant is restricted to her residence at all times except the Probation Officer may approve absences for gainful employment, religious services, medical care, education or training programs, or other activities if approved in advance by the Probation Officer.  If the Probation Office elects to use electronic monitoring, Defendant will incur the costs associated with such monitoring based on ability to pay as determined by the Probation Officer.

     b.     Defendant shall obtain her General Education Diploma while maintaining employment.

The Clerk of Court shall forthwith submit the record in this matter to the presiding District Judge for consideration, Defendant and the United States having waived the period for the filing of objections hereto this Report and Recommendation.

Dated this 23rd day of May, 2016.

Signed By:
*Candace J. Smith*
**United States Magistrate Judge**

J:\DATA\S.R. violations R&R\16-1 Paloma R&R final.wpd